## Wharton Bates *v.* The State.

1. Amendment.— The Code of Procedure prohibits the amendment of indictments or informations in any matter of substance. An information, therefore, which fails to charge an offense cannot be so amended as to make it charge one.

2. Plea.— Unless the record shows that a plea was made by or entered for the defendant, the conviction will be set aside on appeal.

Appeal from the County Court of Brazoria. Tried below before the Hon. E. N. Wilson, County Judge.

The prosecution was for aggravated assault and battery, and the punishment assessed was a fine of $25. The information, as originally drawn, charged that the affidavit showed the inculpatory acts, instead of itself charging them. The so-called amendment allowed the county attorney to interpolate the words "by this information," so as to obviate the defect.

*H. E. Vernor* and *J. W. Terry*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J. It is expressly provided by statute that no matter of substance in an indictment or information can be amended. Code Crim. Proc. art. 550. If it cannot be amended when defectively or insufficiently stated, *a fortiori*, an indictment or information which states

and charges no offense whatever cannot be amended so as to make it state an offense, without violating the statute. *Brown* v. *State*, 11 Texas Ct. App. 451. The motion to quash the information should have been sustained.

Another ground for reversal of the judgment is that the record fails to show any plea by or in behalf of defendant, presenting an issue for trial. Such error, attributable to whatever source it may be, is inexcusable at this day in the light of the many and oft-repeated decisions upon the subject. The judgment is reversed and the cause remanded.

*Reversed and remanded.*